*OLF 3 (Official Local Form 3 and Cover Sheet)*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

*U.S. BANKRUPTCY COURT 2017 OCT 25 A 11: 29*

## CHAPTER 13 PLAN COVER SHEET

Filing Date: **October 25, 2017**   Docket #: _____

Debtor: **Elizabeth A. Doris-Gustin**   Joint Debtor: _____

SS#: (last 4 digits) **2198**   SS#: (last 4 digits) _____

Address: **8 Walker Lane**   Address: _____

**Dedham, MA 02026**

Debtor's Counsel: _____

Address: _____

Telephone #: _____   Facsimile #: _____

**ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.**

**YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.**

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE 11 U.S.C. § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF **AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE** CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR(S), DEBTOR'S **COUNSEL AND THE CHAPTER 13 TRUSTEE.**

OLF 3 (Official Local Form 3 and Cover Sheet)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

## CHAPTER 13 PLAN COVER SHEET

Filing Date: October 25, 2017

Debtor: Elizabeth A. Doris-Gustin

SS#: (last 4 digits) 2198

Address: 8 Walker Lane

Dedham, MA 02026

Docket #: _____

Joint Debtor: _____

SS#: (last 4 digits) _____

Address: _____

Debtor's Counsel: _____

Address: _____

Telephone #: _____

Facsimile #: _____

**ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.**

**YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.**

**PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE 11 U.S.C. § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR(S), DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.**

*OLF 3 (Official Local Form 3 and Cover Sheet)*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

### PRE-CONFIRMATION CHAPTER 13 PLAN

Filing Date: __October 25, 2017__          Docket No.:_____

Debtor: __Elizabeth A. Doris-Gustin__          Joint Debtor: _____

SS#: (last 4 digits) __2198__          SS#: (last 4 digits) _____

## I.  PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the trustee the sum of $__160__ for the term of:

[ ] 36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

[✓] 60 Months.  11 U.S.C. § 1325(b)(4)(A)(ii);

[ ] 60 Months.  11 U.S.C. § 1322(d)(2).  Debtor avers the following cause:

; or

[ ] ____ Months. The debtor states as reasons therefore:

## II.  SECURED CLAIMS:

A.    Claims to be paid through the Plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| _____ | _____ | $ 0.00 |
| _____ | _____ | $ _____ |

_____      _____        $_____

Total of secured claims to be paid through the Plan:              $_____

B.  Claims to be paid directly by debtor to creditors (Not through Plan):

Creditor                        Description of Claim

_____        _____

_____        _____

_____        _____

C.  Modification of Secured Claims:

Creditor            Details of Modification                 Amt. of Claim to Be
                    (Additional Details May Be Attached)    Paid Through Plan

_____   _____        $_____

_____   _____        $_____

D.  Leases:

   i. The debtor(s) intend(s) to reject the residential/personal property lease claims of _____;

   or

   ii. The debtor(s) intend(s) to assume the residential/personal property lease claims of _____.

   iii. The arrears under the lease to be paid under the Plan are _____.

III.  **PRIORITY CLAIMS:**

A.  Domestic Support Obligations:

Creditor                        Description of Claim                    Amount of Claim

_____       _____         $_____

_____       _____         $_____

B.  Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| Total of Priority Claims to be paid through the Plan: | | $_____ |

### IV. ADMINISTRATIVE CLAIMS:

A. Attorney's Fees (to be paid through the Plan):      $_____

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| Total of Administrative Claims to be Paid through the Plan: | | $_____ |

C. The chapter 13 trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% trustee's commission.

### V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of __3__ % of their claims.

A. General unsecured claims      $ 287000

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| H&R Block Mortgage COmpany | loan | $ 287000 |
| _____ | _____ | $_____ |

_____    _____    $_____

C.  Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Total of Unsecured Claims (A + B + C):    $ 287000

D.  Multiply total by percentage:    $ 9600
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E.  Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Total amount of separately classified claims payable at _____%:    $_____

## VI.  OTHER PROVISIONS:

A.  Liquidation of assets to be used to fund the Plan:


B.  Miscellaneous Provisions:


## VII.  CALCULATION OF PLAN PAYMENT:

A.  Secured claims (Section II-A Total):    $_____

B.  Priority claims (Section III-A & B Total):    $_____

C.  Administrative claims (Section IV-A & B Total):                               $_____

D.  Regular unsecured claims (Section V-D Total):                                 $_____

E.  Separately classified unsecured claims (Section V-E):                         $ 160_____

F.  Total of A + B + C + D + E above:                                        =    $ 160_____

G.  Divide (F) by .90 for total including trustee's fee:

                                    Cost of Plan                             =    $ 177.77___

    (This represents the total amount to be paid into the Chapter 13 Plan)

H.  Divide (G), Cost of Plan, by Term of Plan, _____ months

I.  Round up to nearest dollar for Monthly Plan Payment:                          $ 178_____
    (Enter this amount on page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS:

A.  Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |

Total Net Equity for Real Property:                                               $_____

Less Total Exemptions (Schedule C):                                               $_____

Available Chapter 7:                                                              $_____

B.  Automobile (Describe year, make, model):

_____ Value $_____ Lien $_____ Exemption   $_____

_____ Value $_____ Lien $_____ Exemption   $_____

Total Net Equity:                                                                 $_____

Less Total Exemptions (Schedule C) $_____

Available Chapter 7: $_____

C. All other Assets: (All remaining items on Schedule A/B): (Itemize as necessary)

Total Net Value: $_____

Less Exemptions (Schedule C): $_____

Available Chapter 7: $_____

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:

$_____

E. Additional Comments regarding Liquidation Analysis:

## IX. SIGNATURES:

Pursuant to MLBR Appendix 1, Chapter 13 Rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the chapter 13 trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

_____   _____
Debtor's Attorney                               Date

Attorney's Address: _____

_____

Tel. # (    ) _____-_____

Email Address: _____

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS** OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

_____          _Oct 25, 2017_____
Debtor                                                                       Date

_____          _____
Joint Debtor                                                             Date